IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAUREEN MELBOURN | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 19-4963 |
| WAL-MART STORES, INC. | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                 **MARCH 26, 2020**

      Presently before the Court is Defendant's Motion to Transfer Venue for *Forum Non Conveniens*. (ECF No. 9.) For the following reasons, Defendant's Motion will be denied.

**I.    BACKGROUND**

      On March 28, 2018, Plaintiff Laureen Melbourn slipped and fell at a Wal-Mart store in Flemington, New Jersey. (Compl. ¶¶ 4-5, Notice of Removal Ex. A, ECF No. 1.) On September 23, 2019, Plaintiff, who is a resident of Flemington, New Jersey, filed a Complaint against Defendant Wal-Mart Stores, Inc. in the Philadelphia Court of Common Pleas, asserting one count of negligence in connection with the incident. (Notice of Removal ¶ 1.) On October 23, 2019, Defendant removed the case to this Court on the basis of diversity jurisdiction. It then filed its Answer on November 14, 2019. (ECF No. 3.) The matter has been assigned to the arbitration track and is scheduled to go to arbitration on June 10, 2020. (ECF No. 8.)

      On March 6, 2020, pursuant to 28 U.S.C. § 1404(a), Defendant filed a Motion to Transfer Venue from this Court to the United States District Court for the District of New Jersey, pursuant to the doctrine of *forum non conveniens*. (ECF No. 9.) According to Defendant, this case belongs in New Jersey because it bears little or no relationship to Pennsylvania, Plaintiff is a New Jersey resident, the site of the accident is in New Jersey, and

Defendant's key witnesses would be inconvenienced if they were required to attend depositions and participate in trial in this Court.

## II. DISCUSSION

### A. Standard of Review

"The doctrine of *forum non conveniens* places within a district court's discretion the option of resist[ing] imposition upon its jurisdiction' when trial would 'establish … oppressiveness and vexation to a defendant … out of all proportion to plaintiff's convenience.'" *Wilmot v. Marriott Hurghada Mgmt., Inc.*, 712 F. App'x 200, 202 (3d Cir. 2017) (internal citations and quotations omitted) (quoting *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)); *see also Banco Nominees Ltd. v. Iroquois Brands, Ltd.*, 748 F. Supp. 1070, 1072-73 (D. Del. 1990) (noting that the "doctrine of *forum non conveniens* allows a court to decline to hear a case even when jurisdiction is authorized by the letter of a general venue statute if a more convenient alternative forum exists for deciding the case" (internal quotations omitted)). Section 1404, the basis for Defendant's Motion, provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). This section, according to the Supreme Court, "is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for the Western Dist. of Texas*, 571 U.S. 49, 60 (2013).

"[B]oth § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard." *Id*. at 61. "'The *forum non conveniens* determination is

committed to the sound discretion of the trial court.'" *Wilmot*, 712 F. App'x at 202 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981)). Four factors guide a district court's exercise of discretion in this context: "'(1) the amount of deference to be afforded to [plaintiff's] choice of forum; (2) the availability of an adequate alternative forum where defendants are amenable to process and [plaintiff's] claims are cognizable; (3) relevant 'private interest' factors affecting the convenience of the litigants; and (4) relevant 'public interest' factors affecting the convenience of the forum.'" *Id.* (quoting *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013)). With regard to the first factor, "a domestic plaintiff's choice of forum enjoys 'a strong presumption of convenience.'" *Id.* at 203 (quoting *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 190 (3d Cir. 2008)); *see also Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989) (recognizing that "[o]rdinarily, great deference is accorded a plaintiff's choice of forum, but the amount of deference due is less when the plaintiff is foreign"). With regard to the second factor, "[a]n alternative forum is available if all defendants are amenable to process there." *Wilmot*, 712 F. App'x at 202 (citing *Piper Aircraft*, 454 U.S. at 254 n.22). The alternative forum will generally be adequate "if the plaintiff's claim is cognizable in the forum's courts." *Id.* (citing *Piper Aircraft*, 454 U.S. at 254 n.22).

The "private interests" courts must consider in connection with the third factor include: "'the ease of access to sources of proof; ability to compel witness attendance if necessary; means to view relevant premises and objects; and any other potential obstacle impeding an otherwise easy, cost-effective, and expeditious trial.'" *Id.* at 205 (quoting *Lemster*, 737 F.3d at 873). For the fourth factor, the relevant "public interests" include: "'administrative difficulties arising from increasingly overburdened courts; local interests in having the case tried at home; desire to have the forum match the law that is to govern the case to avoid conflict of laws problems or

3

difficulty in the application of foreign law; and avoiding unfairly burdening citizens in an unrelated forum with jury duty.'" *Id.* (quoting *Lemster*, 737 F.3d at 873).

Finally, "[t]he burden of establishing that transfer is appropriate rests with the moving party." *Logopaint A/S v. 3D Sport Signs SI*, 163 F. Supp. 3d 260, 263 (E.D. Pa. 2016) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)).

    **B.**    **The Court Declines to Transfer this Matter to the United States District Court for the District of Jersey**

We address the second factor first, i.e., the availability of an adequate alternative forum. Indeed, if there is no such forum, then the rest of the analysis is moot. *See Piper Aircraft*, 454 U.S. at 254 n.22 (holding that "[a]t the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum"). Defendant has not indicated whether it is amenable to process in New Jersey. However, a defendant "does not have to provide the court with indisputable proof of its amenability to process" in the alternative forum if it "consent[s] to process" in the alternative forum. *See Miller v. Boston Scientific Corp.*, 380 F. Supp. 2d 443, 448 (D.N.J. 2005) (collecting cases). Here, Defendant implicitly concedes its amenability to process in New Jersey by way of this Motion. Moreover, Plaintiff originally could have sought redress for her injuries in New Jersey federal court on the basis of diversity jurisdiction, and venue would have been proper there because "a substantial part of the events or omissions giving rise to the claim occurred" there. *See* 28 U.S.C. § 1391(b)(2). We are satisfied at this juncture that the District of New Jersey provides an adequate alternative forum. We now consider the other three factors.

Returning to the first factor, Plaintiff is a domestic party, so her choice to proceed in Pennsylvania is entitled to "great deference." *See Lony*, 886 F.2d at 633. With respect to the

private interest factors, the crux of Defendant's Motion is that this is a New Jersey matter in all relevant respects, and that it would make no sense to try this matter in this Courthouse—which is "over 101 miles away roundtrip" from the Flemington Wal-Mart—rather than in the federal courthouse in Trenton, which is only about 50 miles roundtrip from the Wal-Mart. (*See* Def. Br. 4, ECF No. 9.) We agree, for the reasons articulated by Defendant, that the private interest factors favor transfer, but only marginally.

This Court, like others, is not inclined to transfer an action to a nearby adjacent district where, as here, all of the relevant witnesses, the site of the accident, and the two venues are within 50 to 100 miles of each other. *See Bay Cnty. Democratic Party v. Land*, 340 F. Supp. 2d 802, 809 (E.D. Mich. 2004) (noting, where proposed alternative venue was 100 miles away from original venue, that courts "generally have found such a distance negligible as a basis for a discretionary venue change") (collecting cases); *Rolscreen Co. v. Pella Prods. of St. Louis, Inc.*, 64 F.3d 1202, 1208-09 (8th Cir. 1995) (finding that district court did not abuse discretion by refusing to transfer case from Iowa to Missouri where "[t]he states are adjacent, so the burden on [defendant] and its Missouri witnesses was not particularly onerous, and there is no evidence that the venue prejudiced the outcome of the trial"). Furthermore, Defendant does not assert that its witnesses live far away from Philadelphia. Rather, it asserts that the inconvenience to these witnesses would arise from them having to take time off from work at the Flemington Wal-Mart. But that would be true regardless of venue. Defendant's suggestion that the drive time from the Flemington Wal-Mart to this courthouse is "1 hours and 9 minutes … not tak[ing] into consideration anticipated traffic during peak travel times" is not compelling. (*See* Def. Br. 7 n.2.) Finally, Rule 45(c) of the Federal Rules of Civil Procedure states that a subpoena "may command a person to attend a trial, hearing, or deposition … *within 100 miles of where the*

*person resides, is employed*, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A) (emphasis added).[1] Accordingly, not only can there be no question that the witnesses are subject to compulsory attendance in this District, *see Wilmot*, 712 F. App'x at 202, but Rule 45's 100-mile limitation is a tacit recognition that the distances about which Defendant complains in this case—all of which are under 100 miles—are not presumptively inconvenient.

Last are the public interest factors. Defendant may be correct that jurors in this District would be less interested in this New Jersey-centric case than in a case specifically related to Pennsylvania. However, because Wal-Mart is one of the largest employers in the Commonwealth, jurors may be more interested in hearing this case than Defendant suggests.[2] Defendant also contends that this District is "saturated with thousands of cases" and should have no interest in what is essentially a New Jersey matter. (*See* Def. Br. 8.) In this particular situation, Defendant has it backwards. The District of New Jersey is facing a "judicial crisis"; it is short at least six judges. *See* https://www.nj.com/news/2019/06/one-federal-court-judge-in-nj-says-she-is-handling-thousands-of-cases-as-judicial-crisis-worsens.html. As one current federal judge in New Jersey recently said, "We need help tremendously." *See id*. This public interest concern significantly weighs against transfer. *Cf. Nat'l Prop. Investors VIII v. Shell Oil Co.*, 917 F. Supp. 324, 329 (D.N.J. 1995) ("The relative backlog and caseloads of the two districts also supports a transfer of venue."); *White v. Lykes Bros. S.S. Co.*, 333 F. Supp. 836, 837 (E.D. Pa. 1971) (determining, on a 1404(a) motion, that a "final compelling consideration is that the

---

[1] Defendant argues that the Flemington Wal-Mart is over 100 miles away from this courthouse, but that is a *roundtrip* calculation. Rule 45(c) speaks in terms of one-way distance, not roundtrip distance.

backlog of the transferee district is considerably less than that of this Court and will allow for a more rapid disposition of this case than we would be able to give it"). And even though New Jersey law may ultimately apply to this case, we are equipped to handle a simple tort matter governed by our neighboring state's laws.

To summarize: where Plaintiff's choice to proceed in this forum is entitled to great deference, the private interest factors only slightly favor transfer, and the public interest factors militate heavily against transfer, we conclude that Defendant has failed to meet its burden of establishing that discretionary transfer to the United States District Court for the District of New Jersey under § 1404(a) is warranted.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion will be denied. An appropriate order follows.

**BY THE COURT:**


**/s/ R. Barclay Surrick**
**R. BARCLAY SURRICK, J.**

---

[2] As of Q3 2019, Wal-Mart, or at least one of its many corporate affiliates, was the largest non-government employer in Pennsylvania. *See* https://www.workstats.dli.pa.gov/Products/Top50/Pages/default.aspx.